IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 1 9 2006

JAMES N. HATTEN, Clerk
By: *JKPickne* Deputy Clerk

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| TRAVELERS CASUALTY and | ) | CIVIL ACTION |
| SURETY COMPANY OF AMERICA, | ) | |
| Plaintiff, | ) | |
|  | ) | |
| vs. | ) | |
|  | ) | |
| GEORGIA NON PUBLIC | ) | CASE NO.: 06 CV 1765-CC |
| POST-SECONDARY EDUCATION | ) | |
| COMMISSION, EDWARD MEADOWS, | ) | |
| ARMOND WILSON, ALVIN A. | ) | |
| HOLLINGER, BRANDY S. KIMBALL, | ) | |
| BRIAN J. STRATTON, DEMETRIUS | ) | |
| MARCELL TORRAIN, JERMAINE | ) | |
| BERNARD GALIMORE, JOHNNY | ) | |
| HOWARD, KEVIN LAMAR LINDSEY, | ) | |
| MICHAEL KEVIN CURTIS, ROBERTO | ) | |
| CARLOS JORDAN, TROY D. WEBSTER, | ) | |
| JR., ANDRE COPELAND, MICHAEL | ) | |
| HARRIS, ANGEL COLEMAN, CHRIS | ) | |
| LLOYD, MIKE WALLACE, KENNY | ) | |
| LEWIS, and CHRISTOPHER MCGIRT, | ) | |
| Defendants. | ) | |

## ANSWER OF INDIVIDUAL DEFENDANTS TO COMPLAINT FOR INTERPLEADER, WITH STATEMENT OF CLAIM AND COUNTERCLAIM

COME NOW Edward Meadows, Armond Wilson, Alvin A. Hollinger, Brandy S.

Kimball, Brian J. Stratton, Demetrious Marcell Torrain, Jermaine Bernard Galimore,

Johnny Howard, Kevin Lamar Lindsey, Michael Kevin Curtis, Roberto Carlos Jordan,

Troy D. Webster, Jr., Andre Copeland, Michael Harris, Angel Coleman, Chris Lloyd,

Mike Wallace, Kenny Lewis, and Christopher McGirt (hereinafter: "individual

respondents") and for their Answer to Complaint for Interpleader with Statement of

Claim show the Court the following:

## ANSWER

1.

Responding <u>seriatim</u> to the allegations of the Petition, Respondents show the following:

a) Respondents do not dispute the language of identification and definitions set forth in Paragraph 1.

b) Paragraph 2 is admitted.

c) Paragraph 3 is admitted.

d) Responding to Paragraph 4, Respondents lack sufficient knowledge to admit or deny the allegations thereof, and must accordingly deny same.

e) Responding to Paragraph 5, Respondents lack sufficient knowledge to admit or deny the allegations thereof, and must accordingly deny same.

f) The allegations in Paragraph 6 are admitted.

g) In response to the allegations in Paragraphs 7, 8, 9, 10, 11, 12, 13,14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25, Respondents show that their respective residence addresses change from time to time and that the allegations may or may not have been correct as of the time of the underlying transactions of this case but that Respondents are unable to respond to the stipulations of addresses set forth therein at this time and therefore must accordingly deny same.

h) Responding to Paragraph 26, Respondents lack sufficient knowledge to admit or deny the allegations thereof, and must accordingly deny same.

i) Responding to Paragraph 27, Respondents lack sufficient knowledge to admit or deny the allegations thereof, and must accordingly deny same.

j) Respondents admit the allegations of Paragraph 28.

k) The allegations of Paragraph 29 are admitted, except that Respondents show that at all times relevant hereto, the bond principal was Decker College Inc., which may have done business under various trade names.

l) The allegations of Paragraph 30 are admitted.

m) Responding to Paragraph 31 Respondents show that the statement is an incomplete statement of the provisions of the statute in question, and further show that the statute speaks for itself.

n) The allegations of Paragraph 33 are admitted.

o)  The allegations of Paragraph 34 are admitted.

p) The allegations of Paragraph 35 are admitted.

q) The allegations of Paragraph 36 are admitted.

r) The allegations of Paragraph 37 are admitted.

s) The allegations of Paragraph 38 are admitted.

t) Responding to Paragraph 39, the facts stated therein are admitted; however, the issue as to whether Respondents had any right of action under the bond was not before the Bankruptcy Court.

u) The allegations of Paragraph 40 are admitted; however, the Respondents show that there was no requirement that they add the Non-public Post–Secondary Education Commission or Plaintiff as a Defendant to either pending lawsuit in order to properly state a claim on the bond.

v) The allegations of Paragraph 41 are admitted.

w) The allegations of Paragraph 42 are admitted.

x) The allegations of Paragraph 43 are admitted.

y) Responding to Paragraph 44, Respondents lack sufficient knowledge to admit or deny the allegations thereof, and must accordingly deny same.

z) Responding to Paragraph 45, Respondents lack sufficient knowledge to admit or deny the allegations thereof, and must accordingly deny same.

aa) In response to Paragraph 46, Respondents incorporate all responses stated herein.

bb) The allegations of Paragraph 47 are denied.

cc) The allegations in Paragraph 48 are admitted.

dd) The allegations in Paragraph 49 are admitted.

ee) The allegations of Paragraph 50 are admitted.

ff) Responding to Paragraph 51 Respondents admit that the statute contains the statements averred therein, but show that this is an incomplete summary and that the provisions of the statute speak for themselves.

gg) Responding to Paragraph 52, the allegations are denied as stated and Respondents show that the statute speaks for itself.

hh) The allegations of Paragraph 53 are denied.

ii) The allegation of Paragraph 54 are denied.  As to the allegation of vagueness, the statute is clear that a claim for damages arising out of an institution's failure to maintain minimum standards is set forth in Sections 20-3-250.6 and 250.7.

jj) Responding to the first Paragraph 55 of the Petition, the allegations are denied. The intent of the Legislature was to provide an inexpensive means for students to pursue claims for reimbursement of tuition through NPEC, but not to make that the exclusive

means for recovery of any civil claims by students.

kk) Responding to second Paragraph 55 of the Petition, Respondents lack sufficient knowledge regarding NPEC's position to enable them to admit or deny these responses, and must accordingly deny same.

2.

The bond in question is a statutory bond as contemplated under O.C.G.A. 20-3-250.10 on behalf of a student injured as a result of an institution's failure to meet the minimum standards set forth in the statute.

3.

Individual Defendants herein obtained judgments in the DeKalb County Superior Court against the principal, Decker College Inc., on April 21, 2006 and on July 14, 2006, respectively. (See attached Exhibits "A" and "B", incorporated herein.)

4.

The DeKalb County Superior Court was a "court of competent jurisdiction" as contemplated under O.C.G.A. 20-3-250.10.

5.

The judgments entered on behalf of Respondents arise out of, and were in compensation for, Decker College's failure to meet the minimum standards as set forth in O.C.G.A. 20-3-250.6 and 250.7.

6.

Entry of the judgments in question was communicated to Plaintiff in writing on April 26, 2006 and July 14, 2006, respectively.

7.

Demand for payment of the judgments on behalf of the Respondents was made at the times stated in the preceding paragraph.

8.

Respondents' rights as against Decker College and against its surety under the statute vested at the time of entry of the judgments in DeKalb County Superior Court, if not sooner.

9.

There is no individual or entity which holds any money judgment, or the equivalent, against Decker College, other that the individual Respondents herein, in any Court or tribunal within the State of Georgia.

10.

Respondents herein have a vested right to payment of the entire bond indemnity fund presently on deposit with the Court.

11.

NPEC has not commenced any investigation regarding any potential claim on behalf of any student injured by Decker College Inc.

12.

NPEC has not conducted any administrative hearings or similar procedures for the process of determining the validity or amount of any claim by any injured student against Decker College Inc.

13.

NPEC has not made any demand upon Decker College Inc., or its surety, for

payment of funds from its bond or otherwise on behalf of any student, prior to a telephone communication between Plaintiff's counsel and the Attorney General's Office immediately preceding filing of this Interpleader Action.

14.

Any claim communicated by NPEC against Plaintiff or Plaintiff's principal for reimbursement or payment of funds under the bond occurred after entry of individual respondents' Judgments against Decker College Inc., and after the existence of said Judgments was communicated to Plaintiff.

15.

Any legal claim assertable by NPEC against the bond accrued later in time than the vesting of the Defendant's claims.

16.

Any claim on behalf of NPEC against the bond funds is inferior to the prior claim of individual respondents to said funds.

COUNTERCLAIM

17.

Plaintiff is subject to the jurisdiction of this Court by virtue of having brought the above-captioned action.

18.

Respondents' initial demand for payment of damages following entry of judgment was communicated to Plaintiff via certified mail dated April 26, 2006.

19.

The certified letter in question was received on May 2, 2006.

20.

Pursuant to O.C.G.A. 10-7-30(b), Respondent is required to pay all valid asserted claims within sixty (60) days of receipt thereof.

21.

Plaintiff failed to adequately investigate the claim.

22.

Plaintiff has failed to pay the claim within sixty (60) days of receipt thereof.

23.

Plaintiff's failure to pay the claim is in bad faith as contemplated in O.C.G.A. 10-7-30(b), entitling Respondents to an award of twenty-five percent (25%), plus reasonable attorney fees.

WHEREFORE: Individual Respondents pray for relief as follows:

a) That Individual Respondents herein be found to be rightful claimants as to all funds paid into Court,

b) That said funds be remitted to Individual Respondents,

c) See that the Plaintiff not be discharged from this action pending the Court's decision on issues,

d) That Plaintiff be required to deposit with the Court an amount of funds representing the time/interest value of their funds from April 26, 2006 through the date of their deposit of funds into the Court,

e) for an award of attorney fees,

f) for further relief as the Court deems just and proper.

John B. Lyle
Attorney for Individual Respondents
Lyle-Detling LLC
127 Church Street
Suite 330
Marietta, GA 30060
770-421-9400
Fax: 770-421-9989
Georgia Bar No.461760


Chalmer E. Detling
Attorney for Individual Respondents
Lyle-Detling LLC
127 Church Street
Suite 330
Marietta, GA 30060
770-421-9400
Fax: 770-421-9989
Georgia Bar No. 219500

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

LESLIE YOUNG, ARMOND          )
WILSON, ANGEL COLEMAN,        )
RICHARD FERGUSON et. al.      )
                             )
          Plaintiff(s),       )          CIVIL ACTION
vs.                           )          NO.  05-CV-11593-2
                             )
DECKER COLLEGE                )
A/K/A DECKER SCHOOL OF        )
CONSTRUCTION CRAFTS           )
(A KENTUCKY CORPORATION),     )
                             )
          Defendant.          )

## JUDGMENT

This action came regularly on for trial before the Court at 10:00 AM on May 24, 2007, Honorable Judge Hancock, presiding, with due notice to all parties and the issues having been duly heard the Court herewith enters its findings of fact and conclusions of law, pursuant to OCGA § 9-11-52(a), as follows:

### FINDINGS OF FACT

1.

The Defendant was engaged in the business of providing for profit post secondary education in the State of Georgia.

2.

Each of the Plaintiffs was enrolled at the Defendant's Atlanta Campus.

3.

EXHIBIT
B

The Defendant made false, deceptive, substantially inaccurate or misleading statements to the Plaintiffs.  Such statements induced the Plaintiffs into enrolling at the school.

4.

Representatives of the school guaranteed the Plaintiffs that the Defendant would find them good paying jobs. The Defendant published advertising in the print media which promised jobs to students if they enrolled.

5.

Representatives from the school told the Plaintiffs that all of their instructors would be qualified to teach when, in fact, few of their teachers were qualified.

6.

Representatives from the school told the Plaintiffs that they would be provided with "state of the art" equipment, when in fact they were provided with little or no equipment.

7.

The Plaintiffs, along with other students, were encouraged to cheat on exams and the school had essentially no academic standards. Grades and attendance records were regularly falsified by faculty and administration.

8.

The Defendant failed to provide adequate equipment, instructional materials, or personnel.

9.

The quality and content of the School's programs was not sufficient to achieve the stated

2

objective of the curriculum.

10.

Each Plaintiff in the above captioned case contracted to receive an education and related services from Defendant.

11.

Defendant, by the acts and omissions enumerated above, breached its contract with each Plaintiff.

12.

The Defendant's school failed to meet the minimum standards necessary to provide an adequate education to the Plaintiffs as set forth in O.C.G.A. §20-3-250.6.

13.

The school was known to the students both as Decker College and Decker School of Construction Crafts.

14.

Decker College is currently in bankruptcy and the Defendant's Atlanta campus is closed.

WHEREFORE It is ordered and adjudged that:

A.      The Plaintiff Alvin A. Hollinger recover from the Defendant Decker College the sum of $10,770 as compensatory damages,

B.      The Plantiff Brandy S. Kimble recover from the Defendant Decker College the sum of $10,670 as compensatory damages,

C.      The Plaintiff Brian J. Stratton recover from the Defendant Decker College the sum of $10,618 as compensatory damages,

3

D.      The Plantiff Demetrius Marcell Torrain recover from the Defendant Decker College the sum of $10,670 as compensatory damages,

E.      The Plaintiff Jermaine Bernard Galimore recover from the Defendant Decker College the sum of $10,670 as compensatory damages,

F.      The Plantiff Johnny Howard recover from the Defendant Decker College the sum of $10,630 as compensatory damages,

G.      The Plantiff Kevin Lamar Lindsey recover from the Defendant Decker College the sum of $10,630 as compensatory damages,

H.      The Plantiff Michael Kevin Curtis recover from the Defendant Decker College the sum of $10,670 as compensatory damages,

I.      The Plantiff Roberto Carlos Jordan recover from the Defendant Decker College the sum of $10,670 as compensatory damages,

J.      The Plantiff Troy D. Webster, Jr. recover from the Defendant Decker College the sum of $16,000 as compensatory damages,

K.      The Plantiff Armond Wilson recover from the Defendant Decker College the sum of $10,670 as compensatory damages,

L.      The Plantiff Michael Harris recover from the Defendant Decker College the sum of $10,670 as compensatory damages,

M.      The Plantiff Angel Coleman recover from the Defendant Decker College the sum of $10,670 as compensatory damages,

N.      The Plantiff Chris Lloyd recover from the Defendant Decker College the sum of $10,670 as compensatory damages,

O.    The Plantiff Mike Wallace recover from the Defendant Decker College the sum of $11,670 as compensatory damages,

P.    The Plantiff Kenny Lewis recover from the Defendant Decker College the sum of $10,600 as compensatory damages,

Q.    The Plantiff Christopher McGirt recover from the Defendant Decker College the sum of $10,670 as compensatory damages,

Nothing in this order shall be construed as to violate the automatic stay issued pursuant to the Defendant's bankruptcy, In re Decker College, Case No. 05-61805 (2), United States Bankruptcy Court for the Western District of Georgia.  The Plaintiffs are hereby authorized to recover only from the surety bond issued pursuant to Georgia Law, O.C.G.A. §20-3-250.10.

Upon oral motion of plaintiff, the cases of the following individuals, Quint Cartez Strozier, Darryle Pilate, Leslie Young, Richard Ferguson, Derrick Johnson, Marcia Lowe, Reginald Aiken, and Andre Marcano be dismissed without prejudice pursuant to this order.

This the ___14th___ day of July, 2006.


The Honorable Michael E. Hancock
Judge, Dekalb County Superior Court

(Signature on following Page)

Order Presented by:
LYLE DETLING LLC

Chalmer E. Detling
Attorney for Plaintiff
Ga. Bar No. 219500
127 Church Street.
Suite 330
Marietta, Georgia 30060
(770) 421-9400

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

EDWARD MEADOWS and )
ANDRE COPELAND, )
 )
Plaintiff(s), )
 )            CIVIL ACTION
vs. )            NO. 05CV3059-2
 )
DECKER COLLEGE )
A/K/A DECKER SCHOOL OF )
CONSTRUCTION CRAFTS )
(A KENTUCKY CORPORATION),)
 )
Defendant. )

## JUDGMENT

This action came regularly on for hearing before the Court, Honorable Judge Hancock,

presiding, with due notice to all parties and the issues having been duly heard the Court herewith

enters its findings of fact and conclusions of law, pursuant to OCGA § 9-11-52(a), as follows:

FINDINGS OF FACT

1.

The Defendant was engaged in the business of providing for profit education in the State

of Georgia.

2.

The Plaintiffs were enrolled in the Defendant's HVAC program and both graduated from

the program.

3.

The Defendant made false, deceptive, substantially inaccurate or misleading statements to



the Plaintiffs. Such statements induced the Plaintiff into enrolling at the school.

4.

Representatives of the school guaranteed the Plaintiffs that the Defendant would find them good paying jobs in the HVAC industry. The Defendant published advertising in the print media which promised jobs to students if they enrolled.

5.

Representatives from the school told the Plaintiffs that all of their instructors would be qualified to teach when, in fact, few of their teachers were qualified.

6.

Representatives from the school told the Plaintiffs that they would be provided with "state of the art" equipment, when in fact they were provided with little or no equipment.

7.

The Plaintiffs, along with other students, were encourages to cheat on exams and the school had essentially no academic standards. Grades and attendance records were regularly falsified by faculty and administration.

8.

The Defendant provided an inappropriate learning environment as drug and alcohol use was rampant on campus and students were often intoxicated while at school.

9.

The Defendant failed to provide adequate equipment, instructional materials, or personnel.

2

10.

The quality and content of the School's HVAC program was not sufficient to achieve the stated objective of the curriculum. Namely, to prepare the Plaintiffs to enter the HVAC industry and to provide them with sufficient skills to work successfully in that industry.

11.

The Defendant's school failed to meet the minimum standards necessary to provide an adequate education to the Plaintiffs as set forth in O.C.G.A. §20-3-250.6.

12.

The school was known to the students both as Decker College and Decker School of Construction Crafts.

13.

Decker College is currently in bankruptcy and the Defendant's Atlanta campus is closed.

WHEREFORE It is ordered and adjudged that the Plaintiff Edward Meadows recover from the Defendant Decker College the sum of $32,600.00, with interest thereon at the rate of 7.00% from the date of the Plaintiff's enrollment as provided by law, said interest to being $4,954.00. The Plaintiff's shall also recover the sum of $1,000.00 for the cost of bringing this action as well the sum of $4,075.00 in attorney's fees.

It is further ordered and adjudged that the Plaintiff Andre Copeland recover from the Defendant Decker College the sum of $25,000.00, with interest thereon at the rate of 7.00% from the date of the Plaintiff's enrollment as provided by law, said interest to being $3,791.00. The Plaintiff's shall also recover the sum of $1,000.00 for the cost of bringing this action as well

3

as the sum of $4,075.00 in attorney's fees.

Nothing in this order shall be construed as to violate the automatic stay issued pursuant to the Defendant's bankruptcy, In re Decker College, Case No. 05-61805 (2), United States Bankruptcy Court for the Western District of Georgia. The Plaintiffs are hereby authorized to recover only from the surety bond issued pursuant to Georgia Law, O.C.G.A. §20-3-250.10.

This the __21st__ day of April, 2006.

The Honorable Michael E. Hancock
Judge, Dekalb County Superior Court

Order Presented by:
LYLE DETLING LLC

Chalmer E. Detling
Attorney for Plaintiff
Ga. Bar No. 219500
376 Powder Springs St.
Suite 140
Marietta, Georgia 30064
(770) 421-9400

State of Georgia, DeKalb County.
The undersigned officer of DeKalb Superior Court certifies that this is a true and correct copy of the original document which is on file and of record in the Office of the Clerk of Superior Court. Witness my hand and seal of the Superior Court of DeKalb County Georgia.
This ___24th___ day of ___April___ 20 06
Signature _____
Deputy Clerk, DeKalb County Superior Court

4

## CERTIFICATE OF SERVICE

The undersigned certified to the Court that the foregoing Answer and Statement of Claim was served on opposing counsel by placing copy of same in a properly addressed envelope to the party indicated below with adequate postage affixed thereto and depositing in the U.S. Mail this 18th day of September, 2006.

Christina Craddock, Esq.
BOVIS, KYLE & BURCH
53 Perimeter Center East
Third Floor
Atlanta, GA 30346

/s/
John B. Lyle